UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HORACE MOORE ,

*Plaintiff,*

– against –

MARK MAYE, *et al.*,

*Defendants.*

---

24-CV-1105

LEK/DJS

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**

LETITIA JAMES
New York State Attorney General
*Attorney for Defendants*
The Capitol
Albany, New York 12224-0341

Chi-Hsin Esther Engelhart
Assistant Attorney General, of Counsel
Bar Roll No. 705939
The Capitol
Albany, New York 12224-0341
Telephone: 518-776-2021
Email: esther.engelhart@ag.ny.gov

May 19, 2025

**Table of Contents**

PRELIMINARY STATEMENT .......... 1

FACTS AND PROCEDURAL HISTORY .......... 1

STARDARD OF REVIEW .......... 2

ARGUMENT .......... 3

POINT I

PLAINTIFF'S EIGHTH AMENDMENT CLAIM CONCERNING THE ALLEGED STRIP SEARCH SHOULD BE DISMISSED BECAUSE IT PERTAINS TO A LEGITIMATE PENOLOGICAL PURPOSE AND WAS REASONABLE UNDER THE CIRCUMSTANCES. .......... 3

POINT II

PLAINTIFF'S DUE PROCESS CLAIM AGAINST LT. ALLEN SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED PLEAD ANY DEPRIVATION OF PROCESS THAT HE WAS CONSTITUTIONALLY DUE .......... 7

CONCLUSION .......... 9

## PRELIMINARY STATEMENT

Defendants Peck, Liberty, and McKee move to dismiss Plaintiff's Eighth Amendment claims pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure, as Plaintiff failed to plead sufficient facts to establish the unreasonableness of the cavity search. Additionally, Defendant Allen moves to dismiss Plaintiff's Due Process claim as Plaintiff did not allege any constitutional violation with respect to the disciplinary process that he received prior to being sentenced to Special Housing Unit (SHU).

## FACTS AND PROCEDURAL HISTORY

At all times relevant to the Complaint, Plaintiff was an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) and was confined at Clinton Correctional Facility (Clinton). *See* Complaint, ECF No. 1, at 5, 8. Plaintiff alleges that, on or about March 16, 2022, he was taken out of his cell for "reasons unknown to [him]" by Correction Officers Maye and Martin. Compl. at 5. In response to being removed from his cell, Plaintiff fled from the Officers and ran from A-Block to F-Block, where Plaintiff was pepper sprayed by Officer Wood after Plaintiff allegedly complied with direct order to stop running. *Id.* at 5, 10. Plaintiff alleges that, after being grabbed by the neck by Officer Maye and thrown to the ground, Officers May, Martin, and Wood, as well as several other unnamed officers beat him with baton sticks all over his body. *Id.* at 5, 10. Plaintiff further alleges that Officer May ripped out Plaintiff's dread-locked hair. *Id.* at 5, 11.

As a result of this incident, Plaintiff allegedly sustained pain in his ribs as well as injuries in his left knee, arm, hand, and index finger. *See* Compl. at 7, 9, 13, 17. Plaintiff also claims that he threw up blood at times. Compl. at 6, 13.

Plaintiff was then escorted to the facility hospital by Correction Officers Liberty and McKee, who were supervised by Sgt. Peck. *Id.* There, Plaintiff was allegedly "slammed face first into the corner of a wall" as either Officer Liberty or McKee allegedly conducted a cavity search under Sgt. Peck's

order by inserting their fingers into Plaintiff's anus while asking Plaintiff the location of any weapons on his person. *Id.* at 5–6, 11–12. Plaintiff was subsequently subjected to an x-ray examination and was placed in an observation room until March 22, 2022. *Id.* at 6.

On March 23, 2022, Plaintiff learned through a misbehavior report (the First MBR) that the reason he was taken out of his cell on March 16, 2022, was that he was identified via a photo array the day prior as the perpetrator in an unrelated assault on another incarcerated individual. *Id.* at 6–7. Plaintiff was also served with two other MBRs, one charging him with the fight that ensued after he ran from the officers on March 16, 2022 (the Second MBR), the other with positive foreign body in his person as revealed by x-ray (the Third MBR). *Id.* at 7.

Plaintiff's disciplinary hearing for the above three misbehavior reports began on March 28, 2022. Compl. at 7. On April 8, 2022, Plaintiff was found guilty of the charges listed in the Second and the Third MBRs, but not those listed in the First MBR. *Id.* at 7–8. As a result, Plaintiff was sentenced to 707 days in SHU. Compl. at 8. Plaintiff alleges that being charged with and subsequently found guilty of the Second and Third MBRs violated his due process right as they were *actually* caused by the First MBR, which Plaintiff alleges to be false. *Id.* at 17.

## STARDARD OF REVIEW

### Rule 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)); *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014). In doing so, the court "draw[s] inferences based only on the facts *actually alleged*, and [is] not free to speculate about *unpleaded* facts that might be favorable to the plaintiff." *Shara v. Me.-Endwell Cent. Sch. Dist.*, 46 F.4th 77, 86 (2d Cir. 2022) (emphasis supplied).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). In other words, a complaint must do more than offer "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted); *Bryant*, 25 F. Supp. 3d at 241.

## ARGUMENT

## POINT I

## PLAINTIFF'S EIGHTH AMENDMENT CLAIM CONCERNING THE ALLEGED STRIP SEARCH SHOULD BE DISMISSED BECAUSE IT PERTAINS TO A LEGITIMATE PENOLOGICAL PURPOSE AND WAS REASONABLE UNDER THE CIRCUMSTANCES.

The Eighth Amendment prohibits "cruel and unusual punishment," which is the "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). "To state an Eighth Amendment claim, a prisoner must allege two elements, one subjective and one objective." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015): a plaintiff must show that the defendant "'acted with a subjectively sufficiently culpable state of mind,'" and that "the conduct was objectively 'harmful enough' or 'sufficiently serious' to reach constitutional dimensions." *Id.* (quoting *McMillian*, 503 U.S. at 8, 20). "What is necessary to establish an unnecessary and wanton infliction of pain . . . varies according to the nature of the alleged constitutional violation." *McMillian*, 503 U.S. at 5.

Where a plaintiff alleges sexual abuse by correction officers, the sexual contact by the prison officials must "severe or repetitive" to satisfy the objective prong. *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).

> To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment.

*Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015). Similarly, the subjective prong can be satisfied "[w]here no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct[.]" *Boddie*, 105 F.3d at 861. In sum, "[i]n determining whether an Eighth Amendment violation has occurred, the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Crawford*, 796 F.3d at 257–58 (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). Nevertheless, "prison officials looking for contraband may subject inmates to reasonable strip searches and cavity searches." *Id.* at 258 (citing *Bell v. Wolfish*, 441 U.S. 520, 560 (1979)).

Here, Plaintiff alleges that either Officer Liberty or McKee inserted their fingers into Plaintiff's anus while verbally questioning Plaintiff about the location of any weapons on Plaintiff's person. *See* Compl. 5–6, 11–12. Such factual allegations describe nothing more than a manual body cavity search. *See, e.g., Gonzalez v. City of Schenectady*, 728 F.3d 149, 158 (2d Cir. 2013) ("a 'manual body cavity search' occurs when [law enforcement] put anything into a suspect's body cavity, or take anything out."). While Plaintiff contests the legitimate penological purpose behind his manual body cavity search, such purpose was abundantly evident from Plaintiff's own Complaint: Plaintiff ran from the officers after being positively identified as a perpetrator who assaulted another incarcerated individual, demonstrating both Plaintiff's willingness for rule breaking and violent behavior as well as Plaintiff's

knowledge of potential contraband that was likely to be revealed in a search of his person. *See* Compl. 5, 7.

Plaintiff provides no other factual bases for his conclusory allegation that he was "sexually assaulted," which is a legal conclusion, as is his claim that the search was done "[m]aliciously and [s]adistically[.]" *See* Compl. at 5, 7, 11–12, 15–16; *see also, e.g., Vogelfang v. Capra*, 889 F. Supp. 2d 489, 508 (S.D.N.Y. 2012) (dismissing Eighth Amendment claim alleging that the defendant "performed a degrading sexual act' in front of [plaintiff]" with "no further description of this alleged misconduct, nor the context in which it, purportedly, occurred." (alterations supplied)); *Hilson v. Maltese*, No. 09-CV-1373 (NAM/ATB), 2011 WL 768822, at *1–2 (N.D.N.Y. Jan. 5, 2011), *R. & R. adopted in relevant part*, 2011 WL 767696 (N.D.N.Y. Feb. 28, 2011) (recommending dismissal of Eighth Amendment claim alleging, "in very conclusory terms, that . . . plaintiff was 'sexually assaulted by a [correction officer]" (alterations added)); *Grant v. Norfleett*, No. 17-CV-328 (AWT), 2017 WL 1902150, at *3 (D. Conn. May 9, 2017) (dismissing Eighth Amendment Claim based on the alleged body cavity search when "the Complaint includes only a conclusory allegation that the defendants conducted the search for their own sexual gratification, and an assertion that on occasions after the plaintiff was strip searched, the defendants 'watched him like a piece of meat.'"); *Taalak v. Pavalis*, No. 19-CV-3002 (RAL), 2019 WL 2269969, at *2 (D.S.D. May 28, 2019) ("the conclusory allegations that [defendant] sexually harassed [plaintiff] . . . is too vague and conclusory to meet federal pleading standards for an Eighth Amendment claim." (alterations added)); *cf. Gonzalez v. Chriese*, No. 16-CV-741-SI, 2016 WL 3231284, at *3–4 (N.D. Cal. June 13, 2016) (dismissing the complaint in which plaintiff "labels the anoscopy a sexual assault" on the basis that while "the examination may have made him feel squeamish, [plaintiff] has not alleged facts that plausibly suggest that anything more than a medical examination was conducted."

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) Additionally, in deciding a motion to dismiss, the Second Circuit has been clear that "[w]hile we construe pleaded facts in the light most favorable to the plaintiff, we can draw inferences based only on the facts actually alleged, and we are not free to speculate about unpleaded facts that might be favorable to the plaintiff." *Shara v. Me.-Endwell Cent. Sch. Dist.*, 46 F.4th at 86 (citing *Darby v. Greenman*, 14 F.4th 124, 130 n.6 (2d Cir. 2021)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) ("When a plaintiff . . . supplies facts to support his claim, we do not . . . impose[] a duty on the courts to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional . . . action into a substantial one.") (original alterations and quotations omitted). As such, Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements," should not survive motion to dismiss.

To the extent that Plaintiff's allegation that he was "slammed face first into the corner of a wall" in the facility hospital, from which he also alleges no injuries, could be construed as a basis for an excessive force claim, Plaintiff failed to show that more than *de minimis* force was used. *See* Compl. at Compl. at 6–7, 9, 13, 17; *see also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.") (internal quotation omitted); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("not . . . every malevolent touch by a prison guard gives rise to a federal cause of action."); *United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999) ("[W]e agree with other circuits that some degree of injury is ordinarily required to state a claim [of excessive force] . . . .).

Accordingly, Plaintiff's Eighth Amendment claims against Sgt. Peck, Officer Liberty, and Officer McKee regarding events occurred in the facility hospital should be dismissed.

## POINT II

## PLAINTIFF'S DUE PROCESS CLAIM AGAINST LT. ALLEN SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED PLEAD ANY DEPRIVATION OF PROCESS THAT HE WAS CONSTITUTIONALLY DUE

"A procedural due process claim requires the plaintiff to establish (1) possession by the plaintiff of a protected liberty or property interest, and (2) deprivation of that interest without constitutionally adequate process." *Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir. 2019) (citing *O'Connor v. Pierson*, 426 F.3d 187, 195-96 (2d Cir. 2005)).

For purposes of this motion only, Defendant Allen does not contest Plaintiff's allegations that his SHU sentence of 707 days implicates his protected liberty interest. *Colon v. Howard*, 215 F.3d 227, 232 (2d Cir. 2000). However, that is only half of a procedural due process claim. Plaintiff here does not allege any inadequacy in the process he received on a constitutional level, nor does he advance any facts to that effect. *See* Compl. at 8, 17. Rather, Plaintiff's sole complaint with his disciplinary hearing (aside from its existence) was that he "would not be in any issue with [the officers]" had he not been taken out of his cell on a misidentification, and therefore the "fruit of the poisonous tree" doctrine must apply. Compl. at 17.

Initially, even assuming, for purposes of this motion only, that the First MBR is false as Plaintiff alleged, Plaintiff has "no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986). Regardless, the allegedly false MBR was ultimately "dismissed" by Lt. Allen according to Plaintiff's own account. *See* Compl. at 17.

More importantly, Plaintiff's entire due process claim relies on a "fruit of the poisonous tree" argument. Compl. at 17. However, "[t]he fruit of the poisonous tree doctrine is an evidentiary rule that operates in the context of criminal procedure" and is "inapplicable to civil § 1983 actions." *Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999). Instead, "[b]ecause a Section 1983 claim is a

constitutional tort, the claims are 'guided by common-law principles of tort,' and a plaintiff must establish causation." *Soto v. City of New York*, 132 F. Supp. 3d 424, 443 (E.D.N.Y. 2015) (quoting *Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007) (citing *Malley v. Briggs*, 475 U.S. 335, 345 (1986)). Specifically, "[a] § 1983 action . . . employs the principle of proximate causation." *Townes*, 176 F.3d at 146. As such, to show that he is entitled to relief for the allegedly unconstitutional deprivation of liberty, Plaintiff must show that such deprivation was proximately caused by Defendant Allen's constitutional tort.

But the only "actions" taken by Lt. Allen in the entire Complaint were (1) holding the hearing, and (2) finding Plaintiff guilty of the charges in the Second and Third MBRs. *See* Compl. 7–8, 17–18. Neither of these actions can be considered tortious in and of themselves as there is no allegation that Plaintiff was denied "advance written notice of the charges, a fair and impartial hearing officer, a hearing that affords the inmate the opportunity to call witnesses and present documentary evidence, and a written statement of the evidence upon which the hearing officer relied in making his determination." *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 277–78 (N.D.N.Y. 2018); *see also Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974)).

Plaintiff failed to allege *any* facts to establish a violation of his procedural due process right in accordance with the protections set out in *Wolff*, as well as how "he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing." *Clark v. Dannheim*, 590 F. Supp. 2d 426, 429 (W.D.N.Y. 2008). As such, Plaintiff's due process claim should be dismissed. *See, e.g., Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 278 (N.D.N.Y. 2018) (dismissing due process claim when Plaintiff alleges no fact to establish a federal constitutional violation); *Sorrentino v. Annucci*, No. 23-CV-582 (LEK/TWD), 2023 WL 4824852, at *5 (N.D.N.Y. July 27, 2023) (dismissing due process claim as "the Complaint does not provide any facts relating to Plaintiff's disciplinary hearing. Thus, the Court also has no basis to plausibly infer that Plaintiff was denied due process in connection with

his disciplinary hearing."); *Funches v. Miller*, No. 20-CV-676 (MAD/CFH), 2023 WL 2864818, at *32 (N.D.N.Y. Jan. 3, 2023), *R. & R. adopted*, 2023 WL 2495832 (N.D.N.Y. Mar. 14, 2023) (finding due process claim dismissible when plaintiff does not allege that he was denied any of protections set out in *Wolff*).

**CONCLUSION**

For the foregoing reasons, Defendants' Partial Motion to Dismiss should be granted and Plaintiff's Eighth Amendment claims against Defendants Peck, Liberty, and McKee, as well as Plaintiff's Fourteenth Amendment claim against Defendant Allen should be dismissed, together with any other relief that the Court deems just and proper.

Dated: May 19, 2025
Albany, New York

LETITIA JAMES
New York State Attorney General
*Attorney for Defendants*
The Capitol
Albany, New York 12224-0341

By: C. Esther Engelhart
Digitally signed by Chi-Hsin Esther Engelhart
Date: 2025.05.19 10:13:21 -04'00'

Chi-Hsin Esther Engelhart
Assistant Attorney General, of Counsel
Bar Roll No. 705939
The Capitol
Albany, New York 12224-0341
Telephone: 518-776-2021
Email: esther.engelhart@ag.ny.gov

cc: **Horace Moore** (10A5450)
*Plaintiff Pro Se*
Five Points Correctional Facility
PO Box 119
Romulus, New York 14541