UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HORACE MOORE
                              Plaintiff,

-v-                                                    9:24-CV-1105 (LEK/DJS)

MARK E. MAYE, *et al.*,

                              Defendants.

---

### MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

On September 12, 2024, Plaintiff Horace Moore commenced this action by filing a

Complaint alleging that Lt. Allen, C. Liberty, Makee J., Peck M., A. Frenya, Mark E. Maye,

Leigh Martin, Steven Wood, Manor Pat, Richard J. Damico, and D. McIntosh violated his Eighth

Amendment and Fourteenth Amendment rights. *See* Dkt. No. 1 ("Complaint").

On October 2, 2024 Plaintiff filed a motion for leave to proceed *in forma pauperis*. Dkt.

No. 4 ("IFP Application"). On December 12, 2024, this Court granted Plaintiff's IFP

Application, and dismissed Plaintiff's Eighth Amendment deliberate medical indifference

claims, and his claims against Defendants Freyna and McIntosh. Dkt. No. 7 at 1–2, 8–10, 12–14

("December Order"). In that Order, this Court also ruled that Plaintiff's Eighth Amendment

claims against Defendants, Liberty, Makee, Peck, Maye, Martin, and Wood, and Fourteenth

Amendment Due Process claims against Defendant Allen survived. *Id.* at 6–14.

On March 13, 2025, Plaintiff Moore submitted a motion requesting the Court enter a

Default Judgement against Defendants. Dkt. No. 23.

On May, 19, 2025, Defendants Lt. Allen, C. Liberty, J. Makee, and M. Peck filed a

Motion to Dismiss. Dkt. No. 35 ("Motion"). On July 18, 2025, Plaintiff filed his response in

opposition, Dkt. No. 44 ("Response"), and on August 1, 2025, Defendants replied. Dkt. No. 45 ("Reply").

On January, 9, 2026, the Honorable Judge Daniel J. Stewart, United States Magistrate Judge, issued an Order & Report-Recommendation pursuant to 28 U.S.C. to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending that the Motion be denied. Dkt. No. 52 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II.    BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation. *See* R. & R. at 2–5.

## III.    LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 2025 WL 3007285, at *3 (2d Cir. Oct. 28, 2025). To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.    DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. *See generally Dkt.* Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339.

After carefully considering Judge Stewart's well-reasoned Report and Recommendation, the Court finds no clear error. Thus, the Court approves and adopts the Report and Recommendation in its entirety.

Accordingly, Defendants' Motion to Dismiss and Plaintiff's Motion for Default Judgment are denied.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 52, is **APPROVED and ADOPTED in its entirety**; and it is further,

**ORDERED,** that that the Motion to Dismiss (Dkt. No. 35) is **DENIED** and it is further,

**ORDERED**, that the Motion for a Default Judgment (Dkt. No. 23) is **DENIED**, and it is further ,

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 13, 2026
          Albany, New York

LAWRENCE E. KAHN
United States District Judge

4